```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION

UNITED STATES OF AMERICA,       §
                                §
                  Plaintiff,    §
                                §   Criminal No. 3:06-MJ-428-D
VS.                             §
                                §
BRIDGET NICOLE RANDLE,          §
                                §
                  Defendant.    §
```

## MEMORANDUM OPINION AND ORDER

Defendant Bridget Nicole Randle ("Randle") has filed a November 1, 2006 notice of appeal from the magistrate judge's October 30, 2006 detention order.  The court has reviewed *de novo* the evidence presented at the hearing, including the tape of the detention hearing,* and finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of Randle, as required.  The court therefore orders Randle to be detained pending trial pursuant to 18 U.S.C. § 3142(e).

I

Randle and a codefendant are charged by complaint with attempting to commit the offense of fraud in connection with access devices (via fraudulently obtained credit cards), in violation of

---

*The court is obligated to make an independent determination of the proper pretrial detention or conditions of release. *See United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).  This is an appropriate procedure to comply with that obligation. *See, e.g., United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989) (Fitzwater, J.).

18 U.S.C. § 1029(b)(1). The government moved for pretrial detention, and the magistrate judge convened a hearing.

The evidence presented at the hearing establishes that Randle has a lengthy criminal history, including a conviction in this court for a similar offense to the one charged in the complaint. Her criminal history includes several instances in which she failed to appear for required court appearances, including a bond forfeiture in Dallas County, a failure to appear in Bedford, Texas, and a bond revocation in her prior case in this court. Randle has also had multiple probation and a supervised release terms revoked for failure to comply with terms of probation and a supervised release. In sum, Randle has on several occasions promised to appear for court or to comply with terms of supervision and failed to do so.

Randle has a history of substance abuse and reports that she has used marihuana since age 13. She suffers from Bipolar Disorder, for which she received mental health treatment in 2004 and for which she is currently being treated by a physician. She has been prescribed medication for her mental health condition, but she does not take her medication. Randle is currently unemployed and reports no financial assets or liabilities.

The evidence adduced at the hearing concerning Randle's family and ties to the community does not persuade the court that Randle does not present a risk of nonappearance. Randle is a lifetime

resident of the Dallas community and currently lives with her mother and her two daughters, ages seventeen and fourteen. Randle's mother, Alberta Randle ("Alberta"), testified during the hearing that she could be Randle's third-party custodian and that Randle could continue to live with her, where she maintains a suitable telephone for 24 hour electronic monitoring. Alberta is also a life-long Dallas resident and is currently employed as a cook at North Lake Elementary School. Although Alberta presented testimony that Randle has a very good relationship with her two daughters, considering her considerable history of failing to comply with court-ordered conditions, this fact alone does not persuade the court that Randle will appear for court appearances in this case, as required.

The court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure Randle's appearance, as required. The court has no assurance, based on Randle's propensity to fail to make court appearances and to violate conditions of supervision, that she will not fail to appear as required in this case. Randle has a history of bond forfeiture and of probation and supervised release revocations. In a prior case in this court, Randle violated the terms of her pretrial bond, resulting in a revocation. Subsequently, when on supervised release for the federal offense, she violated a term of her release, resulting in a revocation of the term of supervised

release.  Randle's history evidences an unwillingness or inability to comply with court orders, and none of the evidence presented at her detention hearing convinces the court otherwise.

                                III

Accordingly, following *de novo* review, the court denies Randle's appeal from the magistrate judge's October 30, 2006 detention order.  The court orders that Randle be held without bond pending the trial of this action, as follows.  She is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  She is to be afforded reasonable opportunity for private consultation with her counsel.  By order of this court, to be issued in the future, the person in charge of the corrections facility in which she is to be confined is to deliver defendant to a United States Marshal for the purpose of appearing in connection with any court proceeding.

   **SO ORDERED.**

   November 2, 2006.

                                          _____
                                          SIDNEY A. FITZWATER
                                          UNITED STATES DISTRICT JUDGE